CHARLES B. CUMINGS & others *vs.* JONAS B. HILDRETH.
SAME *vs.* SAME.

Suffolk. March 8. — 13, 1875. COLT, AMES & ENDICOTT, JJ., absent.

Where a guardian insures a building, the property of his ward, in a mutual fire insurance company, by a policy not under seal, in his own name as guardian, and afterwards, upon the alienation of the property by the ward after coming of age, gives verbal authority to another to transfer the policy to the alienee, which is done in his absence, and the policy is accepted by the alienee, and the transfer assented to by the company and recorded, the alienee becomes a member of the company, and is liable to assessments until he ceases to be a member in accordance with its provisions.

Where, upon the sale of real estate, the purchaser gives back to the seller a mortgage upon the property, and assigns to him as security therefor a policy of fire insurance in a mutual company, which he holds upon the property, and the transfer is recorded in the books of the company, the mortgagor is the party liable to assessment by the company.

TWO ACTIONS OF CONTRACT by the receivers of the Massachusetts Mutual Fire Insurance Company to recover assessments imposed upon the defendant as a member of said company. Trial in the Superior Court, before *Pitman*, J., who, after verdict, reported the case for the determination of this court in substance as follows :

The cases were tried together; and the only question made at the trial was whether the defendant was liable to be assessed as a member of the company.

The plaintiffs introduced evidence that Jeremiah Williams represented to the company that he was the owner of the premises covered by the policies, and applied to them for insurance, and the policies, which were not under seal, were issued accordingly to " Jeremiah Williams, guardian." There was no record evidence produced that Williams was guardian ; but Jacob Fotler testified, without objection, that Williams was guardian of his, Fotler's, children. It appeared that the youngest of the children became of age before June, 1872, and thereafterwards, in said month, all the children conveyed the premises to Fotler, who, in a few days after, conveyed the same to the defendant.

The plaintiffs then introduced evidence to show that Williams gave verbal authority to Arthur W. Austin, attorney at law, to transfer and assign the policies to the defendant for a valuable

consideration, in Williams's name; and that thereupon, in the absence of Williams, Austin made on the back of the record of the policies, kept by the company, the following entry: " Boston, June 19, 1872. For value received I hereby transfer to Jonas B. Hildreth, of Boston, all my right, title and interest in this policy. Jeremiah Williams, Guardian. By Arthur W. Austin, his Attorney." Underneath the same was written by the president of the company as follows: " Approved by me. Chas. B. Cumings, Pres't." This transfer and approval were then copied on the policies. Austin further testified that Hildreth agreed to take and pay for these policies a value to be ascertained, and also agreed, for security of a mortgage given back by Hildreth to Fotler of the premises, (which was put into the case, and contained a clause that the buildings should be kept insured for the benefit of the mortgagee,) to transfer the policies back to Fotler " to go with the mortgages; " and that the defendant accordingly, the same 19th of June, indorsed on the policies the following: " Having mortgaged the within premises to Jacob Fotler, I hereby assign this policy to him. Jonas B. Hildreth. June 19, 1872." This was stamped, and recorded on the books of the company. The plaintiffs then introduced evidence showing that the defendant received the policies from the company after the indorsements and record; and this was all the material evidence introduced relating to the property insured and the policies and assignments thereof.

The defendant requested the judge to rule that the policies were wager policies, and were void, and that the plaintiffs were not entitled to recover on this evidence; but the judge refused so to rule, and ruled that the jury would be authorized to return a verdict for the plaintiffs in each case, which was accordingly done. If the evidence would not in law authorize such verdict, then it is to be set aside; otherwise, judgment to be rendered thereon.

*T. S. Dame*, for the defendant.

*F. C. Welch*, for the plaintiffs.

WELLS, J. The policy issued to Williams, guardian, was a personal contract, which he could transfer like any contract to which he was a party in his own right. His oral authority to Austin was sufficient for that purpose. The report shows that the policy was intended in good faith to insure property in which

Williams was supposed to have some title or interest. Even if it failed to do so by reason of want of insurable interest in him, it would not be void as a wager policy. When it was transferred to the defendant, who then owned the property, and the transfer was assented to by the insurance company and recorded, and the policy so transferred was accepted by him, it became operative to insure the property intended ; and the defendant became a member of the company, liable to assessments from that time until he should cease to be a member in accordance with its provisions. *Commonwealth* v. *Massachusetts Ins. Co.* 112 Mass. 116. *Cummings* v. *Sawyer, ante,* 30. *Boot & Shoe Manuf. Ins. Co.* v. *Melrose Congregational Society, ante,* 199.

The transfer by the defendant to Fotler, as mortgagee, was by way of collateral security only ; and the record of this transfer was a recognition of it as such, or an acknowledgment of notice. But in such case the mortgagor remains, as before, the member of the company representing the policy. He, and not the mortgagee, is the party liable to assessment. The evidence fully authorized the verdict for the plaintiffs, and there must accordingly be in each case . *Judgment on the verdict.*